NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3648-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ERIC WHITE, a/k/a BUS DRIVER,

 Defendant-Appellant.
________________________________

 Submitted October 23, 2017 – Decided November 2, 2017

 Before Judges Sabatino and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Cumberland County, Indictment
 No. 06-03-0291.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (David A. Snyder, Designated
 Counsel, on the brief).

 Jennifer Webb-McRae, Cumberland County
 Prosecutor, attorney for respondent (Stephen
 C. Sayer, Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM

 Defendant Eric White, who was convicted in 2011 of murder and

the unlawful possession of a weapon, appeals the trial court's
denial of his petition for post-conviction relief ("PCR"). We

affirm.

 The State's proofs are discussed at length in this court's

2014 opinion affirming defendant's conviction and sentence. We

incorporate that recitation here. State v. White, No. A-1988-11

(App. Div. Dec. 18, 2014), certif. denied, 221 N.J. 287 (2015).

The homicide victim was defendant's fifty-four-year-old

girlfriend. She was in the apartment when defendant, who was

seventy-three years old at the time, slashed her throat. Defendant

called 9-1-1 to report the situation. He was difficult to

understand on the phone, apparently due to his foreign accent.

Police responded to the location and discovered defendant there,

looking dazed and soiled with urine. He gave an incriminating

statement to the police at the station after receiving Miranda1

warnings.

 The trial court sentenced defendant on the murder to a forty-

year custodial term with an eighty-five percent parole

ineligibility period pursuant to the No Early Release Act, N.J.S.A.

2C:43-7.2. The weapons offense was merged for sentencing purposes.

 On direct appeal, defendant's main argument was that he was

deprived of his right to a speedy trial. We rejected that argument

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).

 2 A-3648-15T4
because we agreed with the trial court that the delay in proceeding

with the trial was substantially the result of defense motions or

joint motions by the defense and the prosecutor. Id. at 24-26.

We also found defendant's other arguments on appeal lacked merit.

Id. at 3.

 After the Supreme Court denied certification, defendant filed

the present PCR petition with the trial court. Defendant contends

that the two attorneys who represented him at trial were

constitutionally ineffective in two respects. First, defendant

faults his trial counsel for not arguing that he lacked the

physical capability as an elderly man to have committed the murder

of the younger victim. Second, he contends that his trial counsel,

in attempting to impeach his confession, should have emphasized

more vigorously his language barriers and his weakened condition.

 Upon considering defendant's written submissions, the State's

opposition, and oral argument, Judge Robert G. Malestein 2 denied

the PCR petition. The judge set forth his reasons for doing so

in a detailed written opinion dated February 24, 2016. The judge

discerned no deprivation of defendant's constitutional right to

the effective assistance of his trial counsel. To the contrary,

the judge determined from the record that trial counsel had

2
 A different judge had presided over the trial.

 3 A-3648-15T4
"zealously and effectively" represented defendant, including their

efforts to impeach the State's witnesses, highlight defendant's

difficulties in communicating, and point out shortcomings in the

police's investigation. The judge also noted trial counsel had

used these and other points in closing arguments to the jury. The

judge found without legal merit defendant's claim that his

attorneys had not sufficiently emphasized these points, deeming

the choice of what weight to place upon arguments raised at trial

to be a "strategic decision for trial counsel." The judge found

no need for an evidentiary hearing.

 In his present appeal, defendant raises the following

argument in his brief:

 POINT ONE

 THE DEFENDANT MET HIS BURDEN BY A
 PREPONDERANCE OF THE EVIDENCE AND ESTABLISHED
 A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE
 OF COUNSEL UNDER THE STRICKLAND/FRITZ
 STANDARD. THE PCR COURT COMMITTED ERROR BY
 DENYING THE PCR PETITION WITHOUT GRANTING AN
 EVIDENTIARY HEARING.

Having duly considered this argument, we affirm the rejection of

defendant's PCR petition substantially for the reasons expressed

in Judge Malestein's soundly-reasoned written opinion. We add

only a few comments.

 Judge Malestein's analysis adhered to several well-

established legal principles respecting a criminal defendant's

 4 A-3648-15T4
constitutional right to the effective assistance of counsel. To

establish a deprivation of that right, a convicted defendant must

demonstrate that: (1) counsel's performance was deficient, and

(2) the deficient performance actually prejudiced the accused's

defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.

2052, 2064, 80 L. Ed. 2d 674, 693 (1984); see also State v. Fritz,

105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in

New Jersey).

 When reviewing such claims of ineffectiveness, courts apply

a strong presumption that defense counsel "rendered adequate

assistance and made all significant decisions in the exercise of

reasonable professional judgment." Id. at 690, 104 S. Ct. at

2066, 80 L. Ed. 2d at 695. "[C]omplaints 'merely of matters of

trial strategy' will not serve to ground a constitutional claim

of inadequacy[.]" Fritz, supra, 105 N.J. at 54 (quoting State v.

Williams, 39 N.J. 471, 489, cert. denied, 374 U.S. 855, 83 S. Ct.

1924, 10 L. Ed. 2d 1075 (1963), overruled in part on other grounds

by State v. Czachor, 82 N.J. 392, 402 (1980)); see also State v.

Echols, 199 N.J. 344, 357-59 (2009).

 "The quality of counsel's performance cannot be fairly

assessed by focusing on a handful of issues while ignoring the

totality of counsel's performance in the context of the State's

evidence of defendant's guilt." State v. Castagna, 187 N.J. 293,

 5 A-3648-15T4
314 (2006) (citing State v. Marshall, 123 N.J. 1, 165 (1991),

cert. denied, 507 U.S. 929, 113 S. Ct. 1306, 122 L. Ed. 2d 694

(1993)). "As a general rule, strategic miscalculations or trial

mistakes are insufficient to warrant reversal 'except in those

rare instances where they are of such magnitude as to thwart the

fundamental guarantee of [a] fair trial.'" Id. at 314-15 (quoting

State v. Buonadonna, 122 N.J. 22, 42 (1991)). "'[A]n otherwise

valid conviction will not be overturned merely because the

defendant is dissatisfied with his or her counsel's exercise of

judgment during the trial.'" State v. Allegro, 193 N.J. 352, 367

(2008) (quoting Castagna, supra, 187 N.J. at 314).

 The record here substantiates Judge Malestein's assessment

that defendant's trial counsel advocated his interests at trial

professionally and zealously, and that he was not prejudiced by

any alleged defective performance. At multiple points before

trial in extensive motion practice and at the trial itself, trial

counsel pursued a contention that defendant had mental health and

communication deficits. They also asserted that, as an elderly

man with health problems, he was not likely to have overcome and

killed the younger female victim. At trial, counsel combined

those arguments with repeated attacks on the alleged insufficiency

of the State's investigation, engaging in vigorous cross-

examination of many of the State's witnesses.

 6 A-3648-15T4
 During summation to the jury, trial counsel appropriately

underscored these points, as illustrated by the following

excerpts:

 Eric's clearly confused. You hear on the 911
 tape, he cannot remember his own house number.
 It even sounds like -- when you listen to the
 tape, see if it sounds like there's someone
 in the background, telling him his actual
 number of his house. He mixes his 'me' and
 'him' and 'I' and who; he's very difficult to
 understand a whole sentence from Eric. The
 operator is constantly, during that phone
 call, trying to make sense out of what Eric
 is saying.

 (Emphasis added).

 . . . .

 What we do know is that many people have
 been exonerated through DNA testing after
 falsely confessing something. So, we know it
 happens. We don't understand why it happens
 that people would falsely say they did
 something, but we know that it happens. And,
 that's when the people concerned are speaking
 the same language. God forbid you or I should
 go to another country and be trying to explain
 what we found at a murder scene in a country
 where we only speak a very poor version of the
 language. Maybe we'd have to resort to
 actions such as (indicating) to describe what
 we think, in order to explain what we've woken
 up to find.

 (Emphasis added).

Contrary to defendant's PCR claim, trial counsel expressly

suggested to the jury that a younger, stronger man would have been

more likely to be able to commit the killing, arguing:

 7 A-3648-15T4
 And, we can see that Eric could not have got
 behind her and cut her throat. But, this could
 have been the result of an attack by someone
 younger, stronger, or maybe more than one
 person.

 (Emphasis added).

 Defendant essentially asserts in his PCR petition that his

trial counsel should have pressed the "confusion" and "weakness"

arguments with more vehemence. As Judge Malestein correctly

determined, these criticisms fall squarely within counsel's zone

of discretion over trial strategy, as recognized in the case law.

See, e.g., Allegro, supra, 193 N.J. at 367.

 There was no need for an evidentiary hearing to be conducted

here to confirm what is plainly obvious from the trial record:

that defendant received the effective assistance of his trial

attorneys. State v. Preciose, 129 N.J. 451, 462 (1992)

(establishing that an evidentiary hearing on a PCR application is

not necessary where the petition and the record fail to present a

prima facie case of a constitutional deprivation).

 Affirmed.

 8 A-3648-15T4